O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA NICOLE CARLTON,<br>Plaintiff,<br>v.<br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. LA CV 15-3679 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Andrea Nicole Carlton ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erred by improperly evaluating the opinions of her treating physicians, Dr. Amy Pearson and Dr. Meenu Pandey. (*See* Joint Stip. at 5-13, 25-27.) The Court agrees with Plaintiff for the reasons discussed below.

A.  The ALJ Failed to Properly Evaluate the Treating Physicians' Opinions

As a general rule, "[i]f the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

Here, first, the ALJ's assignment of "[n]o weight" to the treating physicians' opinions on the grounds that they were "not supported by the evidence of record," is not a sufficiently specific reason to discount the opinions. (*See* Administrative Record ("AR") at 33); *see Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."); *Vaughn v. Comm'r Soc. Sec. Admin.*, 2012 WL 28561, *5 (D. Or. Jan. 4, 2012) ("[T]he general reference to inconsistency with the medical evidence of record is not a specific reason [to reject a treating physician's opinion]. It is simply too vague to allow meaningful review.").

Second, while the ALJ provided a list of Plaintiff's daily activities as a purported reason that the opinions were not supported by the evidence of record, he failed to discuss any of the physicians' findings and explain how they were inconsistent with those activities. (AR at 33); *see Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("[B]ecause our law requires 'specific and legitimate reasons that are supported by substantial evidence' for rejecting a treating source's medical opinion, that precedent surely implies that an ALJ must discuss the relevant views of a treating source."); *Suppan v. Astrue*, 2012 WL 1034938, at *2-3 (W.D. Wash. Feb. 28, 2012) (ALJ improperly discounted treating and examining physicians' opinions because he "did not explain why [the] opinions were inconsistent with the medical evidence or with [claimant's] daily activities").

Third, the ALJ failed to explain how the more restrictive limitations of the treating physicians' opinions comported with Plaintiff's residual functional capacity ("RFC"). (AR at 31, 33, 1145-51, 1349-56); *see Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (the ALJ must discuss significant and probative evidence and explain why it was rejected); *Alvarez v. Astrue*, 2012 WL 282110, at *3 (C.D. Cal. Jan.

26, 2012) ("If the RFC assessment conflicts with a medical source opinion, the ALJ must explain why the opinion was not adopted.").

Thus, the ALJ improperly evaluated the treating physicians' opinions.[1]

B. <u>Remand is Warranted</u>

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, in light of the error, Plaintiff's treating physicians' opinions must be assessed. Therefore, on remand, the ALJ shall evaluate the opinions and either credit them as true, or provide valid reasons for any rejected portion. Because Plaintiff's daily activities may be a valid reason for discounting a treating physician's opinion, the ALJ may consider that factor provided he discusses the relevant views of the treating physicians and explains why given daily activities conflict with specific findings in the opinions. *See Colter v. Colvin*, 554 F. App'x 594, 595 (9th Cir. 2014); *Marsh*, 792 F.3d at 1173. Given the necessity of remand, the Court need not address Plaintiff's remaining contentions.

//

//

---

[1] Notably, the Commissioner does not contend that any error in rejecting the opinions is harmless. (*See* Joint Stip. at 17-19, 34-35.) Because the ALJ did not discuss the doctors' specific findings as they related to Plaintiff's daily activities, or tie them to any other valid reason, it is unclear whether the error was harmless. This is especially true where, as here, both physicians opined that Plaintiff would miss two to three days of work per month due to her limitations, and the vocation expert testified that there would be "no work" for a person missing that amount of work. (*See* AR at 73, 1150, 1356.)

3

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: December 18, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*